S95Y1806. IN THE MATTER OF THOMAS R. McFARLAND.

(463 SE2d 111)

PER CURIAM.

Thomas R. McFarland filed a petition for voluntary discipline requesting this Court to suspend him from the practice of law for a period of nine months for violating Standards 61 (failure to promptly notify a client of receipt of client's funds or property and to deliver same), 63 (failure to maintain complete records of client funds and to account to client), and 68 (failure to respond to State Bar disciplinary authorities) of Bar Rule 4-102. In this petition, McFarland asserts that the foregoing violations arose from his failure to make proper accounting and distributions regarding a probate matter, and failure to respond to the administratrix and other heirs of the estate regarding the status of the estate. McFarland also acknowledges that in 1992 he received a review panel reprimand regarding his conduct in this same matter, following his petition for voluntary discipline in which he agreed to promptly complete distribution and close the estate, that he has not done so, and that, nevertheless, he received attorney fees from the estate.

The special master and review panel recommend, and the State Bar requests, that this Court accept McFarland's petition for voluntary discipline and suspend McFarland from the practice of law for nine months and require that McFarland comply with certain conditions before reinstatement.

Upon consideration of the foregoing, and on review of the record, this Court accepts McFarland's petition for voluntary discipline, and hereby orders that McFarland is suspended from the practice of law in Georgia for a minimum period of nine months. The suspension shall remain in effect so long thereafter as McFarland fails to obtain an order from this Court lifting the suspension, pursuant to the following procedures: (1) McFarland must continue to undergo monthly psychological treatment for his depression with his current psychologist, subject to the Committee on Lawyer Impairment's approval of McFarland's treatment by that psychologist, and McFarland waives any right of confidentiality with respect to medical and psychological information, and authorizes a full disclosure of his condition by his treating psychologist to the Committee on Lawyer Impairment; (2) McFarland must obtain certification from his psychologist that he has

undergone monthly psychological treatment, that he does not manifest symptoms of any condition that would mentally or physically impair his competency as an attorney, and that he does not pose a substantial threat to himself or others, which certification must be approved by the Committee on Lawyer Impairment; (3) McFarland must make a full and proper accounting to the Probate Court with respect to the Maddox estate, which accounting must be approved by order of the Probate Court, and must include, but not be limited to any attorney fees paid to McFarland out of the estate; (4) Respondent must withdraw as attorney for the administratrix of the estate, and from any further legal representation with respect to the estate, as well as turn over all the files on the estate to an attorney approved by the probate court; and (5) upon completion of the foregoing, McFarland must petition the review panel of the State Disciplinary Board to review the record of this proceeding and submit its recommendation to this Court on whether McFarland's suspension should be lifted.

McFarland is reminded of his duties under Bar Rule 4-219 (c) to timely notify all clients of his inability to represent them, to take all actions necessary to protect the interests of his clients, and to certify to this Court that he has satisfied the requirements of this rule.

*Petition for voluntary discipline accepted. Minimum of nine months suspension with conditions. All the Justices concur.*

DECIDED OCTOBER 27, 1995.

*William P. Smith III, General Counsel State Bar, Ellen E. Brown, Assistant General Counsel State Bar,* for State Bar of Georgia.
*Black & Black, Eugene C. Black, Jr.,* for McFarland.